IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SCOTT MARTINEZ,<br><br>    Plaintiff,<br>  v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>    Defendants.<br>_____/ | No. C-12-3736 MMC<br><br>**ORDER GRANTING CALIFORNIA HIGHWAY PATROL'S MOTION TO DISMISS; GRANTING COUNTY OF MARIN AND MARIN COUNTY SHERIFF'S DEPARTMENT'S MOTION TO DISMISS; VACATING HEARING** |

       Before the Court are two motions to dismiss plaintiff Gregory Scott Martinez's complaint: (1) defendant California Highway Patrol's Motion to Dismiss, filed December 6, 2012; and (2) defendants County of Marin and Marin County Sheriff's Department's Motion to Dismiss, filed November 19, 2012. Plaintiff, who proceeds pro se, has not filed opposition to either motion. Having read and considered the papers filed in support thereof, the Court deems each such motion suitable for decision on the moving papers, VACATES the hearing scheduled for January 11, 2013, and rules as follows:

       1. In the First, Second, and Third Claims for Relief, plaintiff alleges that two law enforcement officers, specifically, defendant California Highway Patrol Officer Perry and defendant California Highway Patrol Officer Hohmeister, violated 42 U.S.C. § 1983 by depriving plaintiff of his constitutional rights during the course of an arrest. In addition to naming the two officers as defendants to said causes of action,[1] plaintiff also names the

---

[1] To date, neither individual officer has appeared.

1 California Highway Patrol. As the California Highway Patrol points out, however, a state
2 agency, such as the California Highway Patrol, is not a proper defendant to any claim
3 under § 1983. See Will v. Michigan, 491 U.S. 58, 70-71 (1988) (holding claim under § 1983
4 cannot be brought against state agency).  Accordingly, to the extent the First, Second, and
5 Third Claims for Relief are alleged against the California Highway Patrol, the First, Second,
6 and Third Claims for Relief are subject to dismissal.

       2. In the Fourth Claim for Relief, plaintiff alleges that employees of the Marin County Jail, identified as "Does 1 through 10," violated 42 U.S.C. § 1983 by not allowing plaintiff "reasonable bail" (see Compl. ¶ 22); the only named defendants to said claim are the County of Marin and Marin County Sheriff's Department.  As the County of Marin and Marin County Sheriff's Department correctly point out, however, plaintiff fails to allege any facts to support a finding that any denial of bail occurred as a result of "an official municipal policy." See Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978) (holding municipality may not be held liable under 42 U.S.C. § 1983 "unless action pursuant to an official municipal policy of some nature caused a constitutional tort").  Accordingly, the Fourth Claim for Relief is subject to dismissal.

**CONCLUSION**

For the reasons stated above:

1. The California Highway Patrol's motion to dismiss is hereby GRANTED, and the First, Second, and Third Claims for Relief, to the extent alleged against the California Highway Patrol, are hereby DISMISSED without leave to amend.

2. The County of Marin and Marin County Sheriff Department's motion to dismiss is hereby GRANTED, and the Fourth Claim for Relief is hereby DISMISSED with leave to amend.

3. If plaintiff wishes to file a First Amended Complaint for the purposes of amending the Fourth Claim for Relief to cure the deficiency identified above, plaintiff shall file and

//
//

serve such amended pleading it no later than January 22, 2013.[2] If plaintiff does not file a First Amended Complaint by January 22, 2013, the above-titled action will proceed against Officer Perry and Officer Hohmeister only.

**IT IS SO ORDERED.**

Dated: January 2, 2013

MAXINE M. CHESNEY
United States District Judge

---

[2] Plaintiff may not, however, add new claims or new defendants without obtaining advance leave of court. See Fed. R. Civ. P. 15(a)(2).